## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 7, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMMY SMITH,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0170** (BOR Appeal No. 2049730)
        (Claim No. 2013012433)

**CONSTELLIUM BV,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timmy Smith, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium BV, by Joshua K. Boggs, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2015, in which the Board affirmed an August 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 2, 2013, decision holding the claim compensable for a cervical sprain on a no-lost-time basis and excluding a left shoulder injury as a compensable condition of the claim. The claims administrator held that Mr. Smith was not entitled to temporary total disability benefits because he did not suffer any disability related to his injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, prior to suffering any work-related injury, Mr. Smith received treatment from his family physician, Robert Tayengco, M.D., for complaints of shoulder pain. Dr. Tayengco found that his shoulder pain was chronic and related to a remote trauma.

1

Mr. Smith worked as a fork truck driver for Constellium BV. On October 10, 2012, Mr. Smith suffered a whiplash injury when the wheel of his fork truck fell off. Mr. Smith worked at least four days over the next two and a half weeks, but on October 26, 2012, Mr. Smith received treatment for his neck from Jackson General Hospital. An MRI taken at the time did not reveal any cervical abnormality. Regardless, Mr. Smith filed an application for workers' compensation benefits. The physician's section of the application indicated that he had suffered a work-related neck strain. It also stated that Mr. Smith was instructed to remain off work. The claims administrator initially rejected Mr. Smith's application for benefits. Following this decision, Mr. Smith was treated by Larry Todd, D.O., who determined that he had sustained a cervical sprain which did not require surgical intervention. Dr. Todd recommended that Mr. Smith receive physical therapy. An MRI was then taken of Mr. Smith's thoracic spine. It revealed minimal degenerative changes but was otherwise unremarkable.

Mr. Smith then came under the care of Michael Shramowiat, M.D., who found that he had complaints of pain and numbness in his upper and lower extremities. Dr. Shramowiat also had electromyography and nerve conduction studies taken of Mr. Smith's upper extremities, and he diagnosed Mr. Smith with carpal tunnel syndrome, bursitis of the right hip, right shoulder impingement, low back pain, and tibial neuropathy. An MRI was also taken of Mr. Smith's lumbar spine, which revealed multilevel degenerative disc disease. Following this MRI, Mr. Smith testified by deposition that the compensable injury also hurt his shoulder. He initially believed the pain would subside, but two and a half weeks after the injury he sought treatment for his cervical spine at Jackson General Hospital. He alleged that he had not returned to work since that time. Mr. Smith also admitted that at the time of his injury he was taking pain medication for his left shoulder. He testified that it was stiff.

At that time, the Office of Judges reversed the claims administrator's initial rejection of Mr. Smith's application for workers' compensation benefits. The Office of Judges found that Mr. Smith sustained a neck sprain on October 10, 2012. Based on the Office of Judges' Order, on October 2, 2013, the claims administrator held the claim compensable for a cervical sprain. However, the claims administrator excluded the diagnoses related to Mr. Smith's left shoulder as compensable conditions of the claim. It also held that Mr. Smith was not entitled to any temporary total disability benefits because he had not been disabled from working due to his injury for more than three days as required under West Virginia Code of State Rules § 85-1-5 (2009). Following this decision, Mr. Smith was referred to his family physician, Dr. Tayengco, who believed that he had spinal stenosis as well as neuropathy of the arm and leg. Dr. Tayengco also found that Mr. Smith had been temporarily and totally disabled since October of 2012. Mr. Smith testified by deposition a second time. He stated that he had been off work since the date of his injury and had not been released to return to work. Thomas Scott, M.D., then examined Mr. Smith at the request of Constellium BV. Dr. Scott noted in his examination report that, Mr. Smith stated, at that time, that he had worked four or five days after the compensable injury before he sought medical treatment. Dr. Scott found that Mr. Smith could not return to his previous employment without work restrictions. However, he believed that the work restrictions were not related to Mr. Smith's October 10, 2012, injury. On August 5, 2014, the Office of Judges affirmed the claims administrator's October 2, 2013, decision. The Board of Review affirmed the Order of the Office of Judges on January 28, 2015, leading Mr. Smith to appeal.

The Office of Judges concluded that Mr. Smith had not demonstrated that any additional compensable conditions should be added to the claim. The Office of Judges based this conclusion on the prior Office of Judges' Order which found that the claim should be held compensable for a neck sprain. It noted that the accident causing Mr. Smith's compensable injury occurred when his fork truck was travelling at a low rate of speed. The Office of Judges also noted that the physician's section of Mr. Smith's workers' compensation application indicated that he had only suffered a cervical sprain. Although the evidence in the record demonstrated that Mr. Smith complained of numerous symptoms including numbness in the arm and pain in the shoulder, the Office of Judges found that he had not presented enough evidence to establish a causal connection between any additional condition and the compensable injury other than a neck sprain. The Office of Judges also concluded that Mr. Smith did not establish that he is entitled to temporary total disability benefits as a result of his compensable injury. The Office of Judges found that the medical evidence in the record did not indicate that his inability to return to work after he received treatment at Jackson General Hospital was related to the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The evidence in the record is sufficient to establish that Mr. Smith suffered a neck sprain in the course of and resulting from his employment on October 10, 2012. However, Mr. Smith has not presented sufficient evidence to demonstrate that any other diagnosis is causally related to this compensable injury. The physician's portion of Mr. Smith's application for workers' compensation benefits indicates that the only condition he suffered on October 10, 2012, was a cervical sprain. This diagnosis is confirmed by the treatment notes of Dr. Todd. The evidence in the record shows that Mr. Smith subsequently complained of numbness in his arms and pain in his shoulders, but the report of Dr. Scott indicates that these conditions are not related to the compensable injury. Because the evidence in the record is sufficiently consistent with Dr. Scott's opinion, the Office of Judges was within its discretion in only holding the claim compensable for a cervical strain. The Office of Judges was also justified in disregarding Dr. Shramowiat's opinion because it was not consistent with the remainder of the evidence in the record. Even the treatment notes of Dr. Tayengco do not support a finding that Mr. Smith suffered a shoulder injury in the course of and resulting from his employment.

Mr. Smith has also not demonstrated that he was temporarily and totally disabled for more than three days and, therefore, he is not entitled to temporary total disability benefits. To qualify for temporary total disability benefits under West Virginia Code of State Rules § 85-1-5.1, Mr. Smith "must be unable to work as a result of the compensable injury more than three (3) consecutive calendar days following the date of the injury . . . ." The evidence in the record, including his own deposition testimony, shows that Mr. Smith returned to work after the compensable injury and worked for at least four days. Mr. Smith was injured on October 10, 2012, but he did not stop working until October 26, 2012. The treatment notes of Dr. Shramowiat indicate that Mr. Smith's absence from work after October 26, 2012 was related to his non-compensable shoulder and arm symptoms instead of the compensable cervical strain. The

3

evidence in the record is not sufficient to show that Mr. Smith was disabled for more than three days because of his compensable neck sprain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 7, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II